UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYASSAR ELIAS NADDOUR,<br><br>                           Plaintiff,<br><br>v.<br><br>CAROLYN V. COLVIN, Acting Commissioner of Social Security,<br><br>                          Defendant. | Case No.: 13-CV-1407-BAS (WVG)<br><br>**ORDER GRANTING PLAINITFF'S MOTION FOR AUTHORIZATION OF ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>[DOC. NO. 22] |

      Plaintiff brought this action seeking judicial review of a final administrative decision denying his application for disability benefits under Title II of the Social Security Act ("the Act"). (Doc. No. 1.) By Order filed September 23, 2014, Plaintiff's motion for summary judgment was granted, and the case was remanded for further proceedings. (Doc. No. 18.) On July 7, 2016, counsel for Plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 22.)

      At the outset of the representation, Plaintiff and his counsel entered into a contingent-fee agreement. (Doc. No. 22–4 at 1–2.) Pursuant to that agreement, Plaintiff's counsel now seeks attorney's fees in the amount of $30,105.75, which represents 18.8 percent of the retroactive disability benefits received by Plaintiff on remand, for approximately 28.3 hours of attorney time expended on this matter. (Doc. No. 22–2 at 2.)

1

On July 18, 2016, Defendant filed a statement of non-opposition to Plaintiff's counsel's motion for attorneys' fees. (Doc. No. 24.)

Attorneys are entitled to fees for cases in which they have successfully represented Social Security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although an attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir.1989), abrogated on other grounds in Grisbrecht, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir.1989), abrogated on other grounds in Grisbrecht, 535 U.S. at 807.

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. Gisbrecht, 535 U.S. at 808–09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "[A]

district court charged with determining a reasonable fee award under [Section] 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.' " Crawford, 586 F.3d at 1148 (quoting Gisbrecht, 535 U.S. at 793 & 808). The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. Crawford, 586 F.3d at 1151–52 (citing Gisbrecht, 535 U.S. at 808). Below, the Court will consider these factors in assessing whether the fee requested by Plaintiff's counsel in this case pursuant to Section 406(b) is reasonable.

Here, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel. Rather, Plaintiff's counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The Court finds that the $30,105.75 fee, which represents 18.8 percent of the past-due benefits paid to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the Court recognizes the contingent fee nature of this case and Plaintiff's counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. See Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003). Finally, Plaintiff's counsel has submitted a detailed billing statement in support of the requested fee. (Doc. No. 22–5 at 1–2.)

Accordingly, for the reasons stated above, and taking into consideration the lack of any objection by Plaintiff, as well as Defendant's statement of non-opposition, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are

reasonable.  See generally Azevedo v. Commissioner of Social Security, 2013 WL 6086666, at *2 (E.D.Cal. Nov. 19, 2013) (granting petition pursuant to Section 406(b) for $17,893.75 in attorneys' fees); Coulter v. Commissioner of Social Security, 2013 WL 5969674, at *2 (E.D.Cal. Nov. 8, 2013) (recommending award of $15,084.23 in attorneys' fees pursuant to Section 406(b)); Taylor v. Astrue, 2011 WL 836740, at *2 (E.D.Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, 2011 WL 587096, at *2 (E.D.Cal. Feb. 9, 2011) (recommending award of $34,500 in attorneys' fees pursuant to 406(b)).

An award of Section 406(b) fees is, however, offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  Here, Plaintiff's counsel was previously awarded $4,150.00 in EAJA fees (see Doc. No. 21) and the award under Section 406(b) must be offset by that amount.

**Accordingly, IT IS HEREBY ORDERED that:**

1. Plaintiff's July 7, 2016 Motion for Attorneys' Fees (Doc. No. 22) under 42 U.S.C. § 406(b), is **GRANTED**;

2. Counsel for Plaintiff is awarded **$30,105.75** in attorney fees under Section 406(b).  The Commissioner is directed to pay the fee forthwith and remit to Plaintiff the remainder of his withheld benefits; and

3. Upon receipt of the $30,105.75 in attorney fees pursuant to Section 406(b), **counsel shall reimburse Plaintiff in the amount of $4,150.00** previously paid by the government under the EAJA.

**IT IS SO ORDERED.**

Dated:  August 11, 2016

Hon. William V. Gallo
United States Magistrate Judge